**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAMUEL MUTHONDU MUNANU, | No. 11-73429 |
| Petitioner, | Agency No. A089-315-969 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:      CANBY, TROTT, and THOMAS, Circuit Judges.

Samuel Muthondu Munanu, a native and citizen of Kenya, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the significant inconsistencies both within Munamu's testimony, and between his testimony and written statement, regarding when he fled his hometown. *See id*. at 1048 (adverse credibility determination was reasonable under the REAL ID Act's "totality of the circumstances" standard). The agency reasonably rejected Munamu's explanations for the inconsistencies. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). In the absence of credible testimony, Munanu's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Munanu's CAT claim also fails because it is based on the same testimony found not credible, and he does not point to any other evidence that shows it is more likely than not he would be tortured if returned to Kenya. *See id*. at 1156-57. We reject his contention that the agency's analysis is insufficient.

**PETITION FOR REVIEW DENIED.**

11-73429